# UNITED STATES BANKRUPTCY COURT
## EASTERN ☑ DISTRICT OF VIRGINIA
### Richmond      ☑Division

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

Name of Debtor(s): Michael Thomas Branin          Case No: 16-33795-KRH
Elizabeth Lynn Branin

This Plan, dated AUGUST 29,2016          , is:

☑ the *first* Chapter 13 Plan filed in this case.

☐ a modified Plan that replaces the

    ☐ confirmed or ☐ unconfirmed Plan dated _____

Date and Time of <u>Modified Plan</u> Confirmation Hearing:

_____

Place of <u>Modified Plan</u> Confirmation Hearing:

_____

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:
Total Assets: $388650.00
Total Non-Priority Unsecured Debt: 3844.00
Total Priority Debt: 7401.00
Total Secured Debt: 288,200.00

1.   **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ 384.89 _____ per
     month _____ for 36 __ months.   Other payments to the Trustee are as follows:
     _____. The total amount to be paid into the Plan is
     $ 13856.10 _____ .

2.   **Priority Creditors.**   The Trustee shall pay allowed priority claims in full unless the creditor agrees
     otherwise.

     **A.      Administrative Claims under 11 U.S.C. § 1326.**

          1.   The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to
               exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
          2.   Debtor(s)' attorney will be paid $_____ balance due of the total fee of
               $_____ concurrently with or prior to the payments to remaining creditors.

     **B.      Claims under 11 U.S.C. § 507.**

          The following priority creditors will be paid by deferred cash payments pro rata with
          other priority creditors or in monthly installments as below, except that allowed claims
          pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but
          concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term | |
|---|---|---|---|---|
| mm.of Va Dept of Taxation | non secured priority | $3206.00 | $89.00 | 36 months |
| \ Employment Comm. | non secured priority | $3431.43 | $95.31 | 36 months |
| ·unty of Chesterfield | non secured  priority | $763.47 | $21.20 | 36 months |
| ·minion Power | non secured non priority | $3076.20 | $85.45 | 36 Months |

3.   **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered,
     Adequate Protection Payments, and Payment of certain Secured Claims.**

     **A.      Motions to Value Collateral (other than claims protected from "cramdown" by 11
     U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a
     written objection is timely filed with the Court, the Court may grant the debtor(s)'
     motion to value collateral as set forth herein.**

     This section deals with valuation of certain claims secured by real and/or personal property, other
     than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)'
     principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within
     910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the
     replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be
     treated as secured claims only to the extent of the replacement value of the collateral. That
     value will be paid with interest as provided in sub-section D of this section. You must refer
     to section 3(D) below to determine the interest rate, monthly payment and estimated term
     of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will
     be treated as an unsecured claim to be paid only to the extent provided in section 4 of the
     Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|

Case 16-33795-KRH   Doc 34   Filed 09/12/16   Entered 09/12/16 16:57:06   Desc Main
Document       Page 3 of 15

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4. Unsecured Claims.**

A.     **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 10 %. The dividend percentage may vary

depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately 5____ %.

**B.     Separately classified unsecured claims.**

Creditor                Basis for Classification              Treatment

5.      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.      **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| ʼen Servicng LLC | | 1465.89 | 3,379.00 | 2.1 | 36 months | 94.00 |

B.      **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| | | | | | |

C.      **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| | | | | |

6.      *Unexpired Leases and Executory Contracts.* The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.    Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

Creditor                     Type of Contract

**B.    Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|----------|------------------|-----------|-----------------------------|-----------------------|

**7.    Liens Which Debtor(s) Seek to Avoid.**

**A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|----------|-----------|-----------------|------------------|---------------------|

**B.    Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|----------|-------------|---------------------------|---------------------|

**8.    Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9.  **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this Plan:**


**Signatures:**

**Dated:** _06 Sept 16_

_[signature]_

---
**Debtor**

_Elizabeth A Bravin_

**Joint Debtor**


**Exhibits:**      Copy of Debtor(s)' Budget (Schedules I and J);
                   Matrix of Parties Served with Plan


---
**Debtor(s)' Attorney**


### Certificate of Service

I certify that on _06 Sept 16_ I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_Elizabeth A. Bravin_
---
Signature

---
Address

11612 Wood Bluff Loop  N Chesterfield Va
---

804-897-1658
---
Telephone No.


Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | Thomas | Branin |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Elizabeth | Lynn | Branin |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Eastern District of Virginia

Case number 16-3375-KRH
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
income as of the following date:
09/02/2016
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income                                                  12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for *supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse.* If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   *Occupation may include student* or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| **Occupation** | | Sales and Marketing | Business Admin |
| **Employer's name** | | E Climate Systems / Aquarius Pr | E Climate Systems Aquarius Pro |
| **Employer's address** | | 11612 Wood Bluff Loop<br>Number   Street | 11612 Wod Bluff  Loop<br>Number   Street |
| | | N.Chesterfield    VA    23236<br>City        State    ZIP Code | N.Chesterfield    Va    23236<br>City        State    ZIP Code |
| **How long employed there?** | | 2 yrs | 2 yrs |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 24,000.00 | $ 24,000.00 |
| 3. Estimate and list monthly overtime pay. | 3. | + $ 0.00 | + $ 0.00 |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $ 24,000.00 | $ 24,000.00 |

| Debtor 1  Michael   Thomas   Branin | Case number (if known) 16-3375-KRH |
|---|---|

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here........ → 4. | $ 24,000.00 | $ 24,000.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: ___ | 5h. | + $ 0.00 | + $ 0.00 |
| 6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $ 0.00 | $ 0.00 |
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 2,000.00 | $ 2,000.00 |

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: ___ | 8f. | $ 0.00 | $ 0.00 |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. Other monthly income. Specify: ___ | 8h. | + $ 0.00 | + $ 0.00 |
| 9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 0.00 | $ 0.00 |
| 10. Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,000.00 + $ 2,000.00 = $ 4,000.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J*.

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: ___    11. + $ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12. $ 4,000.00

Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?

☐ No.
☑ Yes. Explain: Company growth and expansion

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Michael<br>First Name | Thomas<br>Middle Name | Branin<br>Last Name |
| Debtor 2<br>(Spouse, if filing) | Elizabeth<br>First Name | Lynn<br>Middle Name | Branin<br>Last Name |

United States Bankruptcy Court for the: Eastern District of Virginia ▼

Case number  16-3375-KRH
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:
09/02/2016
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number
(if known). Answer every question.

### Part 1:       Describe Your Household

1. **Is this a joint case?**

   ☑ No.  Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

   > ☐ No
   > ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and
   Debtor 2.

   Do not state the dependents'
   names.

   ☑ No
   ☐ Yes. Fill out this information for
   each dependent..........................

| Dependent's relationship to<br>Debtor 1 or Debtor 2 | Dependent's<br>age | Does dependent live<br>with you? |
|---|---|---|
| | | ☐ No<br>☐ Yes |
| | | ☐ No<br>☐ Yes |
| | | ☐ No<br>☐ Yes |
| | | ☐ No<br>☐ Yes |
| | | ☐ No<br>☐ Yes |

3. **Do your expenses include**
   **expenses of people other than**
   **yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2:       Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know the value of
such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

Your expenses

| | | |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and<br>any rent for the ground or lot. | 4. | $ 1,450.34 |
| **If not included in line 4:** | | |
| 4a.   Real estate taxes | 4a. | $ |
| 4b.   Property, homeowner's, or renter's insurance | 4b. | $ |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c. | $ 120.00 |
| 4d.   Homeowner's association or condominium dues | 4d. | $ 0.00 |

| Debtor 1 | Michael | Thomas | Branin | | Case number (if known) | 16-3375-KRH |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

**Your expenses**

| | | | | |
|---|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $ | 1,450.34 |
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | 450.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 80.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 19.00 |
| | 6d. Other. Specify: _____ | 6d. | $ | |
| 7. | **Food and housekeeping supplies** | 7. | $ | 450.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 75.00 |
| 10. | **Personal care products and services** | 10. | $ | 45.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 60.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 50.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 0.00 |
| | 15b. Health insurance | 15b. | $ | 0.00 |
| | 15c. Vehicle insurance | 15c. | $ | 0.00 |
| | 15d. Other insurance. Specify:_____ | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. Other. Specify:_____ | 17c. | $ | 0.00 |
| | 17d. Other. Specify:_____ | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |

Debtor 1   __Michael__          __Thomas__         __Branin__          Case number *(if known)* __16-3375-KRH_____
           First Name      Middle Name      Last Name

21.  **Other**. Specify: _____     21.   **+**$_____0.00

22.  **Calculate your monthly expenses.**

   22a. Add lines 4 through 21.                                                                22a.   $_____3,049.34

   22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     22b.   $_____0.00

   22c. Add line 22a and 22b. The result is your monthly expenses.                          22c.   $_____3,049.34

23. **Calculate your monthly net income.**

   23a.   Copy line 12 *(your combined monthly income)* from *Schedule I.*      23a.   $_____4,000.00

   23b.   Copy your monthly expenses from line 22c above.                         23b.   **–** $_____3,049.34

   23c.   Subtract your monthly expenses from your monthly income.
       The result is your *monthly net income.*                              23c.   $_____950.66

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ **No.**

☐ **Yes.**    Explain here:

PROOF OF SERVICE

[Proof of Service must comply with Local Bankruptcy Rule 5005(C)(8)]

Michael Thomas Branin

Date:  Sept 12 2016

[ver. 01/13]

**Creditor MATRIX  Chapter 13**


August 29, 2016

Branin Michael, Thomas

Branin Elizabeth, Lynn


Allied Interstate,Inc
PO Box 361626
Columbus, OH   43236-9921

Arrow Financial Services LLC
PO BOX 469005
Chicago, IL  60646-9005

Bank of America  C/O Superior Assest Management Inc
PO BOX 47248
Oak Park, MI 48237-4948

Brice, Vander Linden & Wernick, P.C.
PO BOX 829009
Dallas, TX  75357-0909

Capital One
PO BOX 829009
Dallas, TX  75382-9009

Capital One Auto Finance
3905 Dallas Pkwy
Plano, TX  75093-7892

Commercial Recovery Systems Inc.
PO BOX 570909
Dallas, TX  75357-0909

Commonweath of VA.  Dept of Taxation
PO BOX 1880
Richmond, VA  23218-1880

County of Chesterfield
Treasurers Office
PO Box 70
Chesterfield , VA   23832

DCS
PO BOX  9056

Pleasonton, CA  94566-9056

Dominion Power
PO Box 26543
Richmond, VA   23290-0001

DT Credit Corp
PO BOX 29018
Phoenix, AZ  85038-9018

OCWEN LOAN SERVICING LLC
PO Box 2478
West Palm Beach FL  33416-4781

VERIZON
500 Technology Drive
Suite 550
Weldon  Spring , MO. 63304-2225

Virginia  Employment Commission
PO BOX 26971
Richmond, VA. 23261-6971

# UNITED STATES BANKRUPTCY COURT
## EASTERN ☑ DISTRICT OF VIRGINIA
### Richmond      ☑Division

Name of Debtor(s): Michael Thomas Branin      Case No: 16-33795-KRH
Elizabeth Lynn Branin

DATE : 09/12/2016

Please see attached exhibits :

1. SCHEDULE I

2. SCHEDULE J

3. CREDIT MATRIX

Debtor 1  Michael Thomas Branin      Signature : _____

Debtor 2  Elizabeth Lynn Branin      Signature : _____

1